UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 01-4489

DENNIS FRANKLIN GRAHAM,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-95-32)

Submitted: September 24, 2002

Decided: October 7, 2002

Before WIDENER and WILKINS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Dennis Franklin Graham was convicted after a guilty plea of conspiracy to possess with intent to distribute and to distribute crack cocaine. He served his seventy-two month prison sentence, was released from custody on March 3, 2000, and then began his term of supervised release. On March 6, 2001, the probation officer filed a motion to revoke Graham's supervised release. After Graham's supervised release was revoked, he was sentenced to three years imprisonment. On appeal, Graham argues that, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the district court lacked jurisdiction to sentence him to a term of incarceration greater than the statutory maximum applicable to an underlying conviction for an unspecified drug amount. We affirm.

Under 18 U.S.C. § 3583(e)(3) (2000), a defendant whose supervised release term is revoked is subject to a maximum of five years in prison if his underlying offense was a Class A felony; a maximum of three years for a Class B felony; and a maximum of two years for a Class C felony. With regard to Graham's underlying conspiracy conviction, if the specific drug quantity necessary for an increased sentence under 21 U.S.C. § 841(b) (2000) was not sufficiently set forth, he was subject only to a maximum of twenty years under § 841(b)(1)(C). *See United States v. Promise*, 255 F.3d 150, 156-57 (4th Cir. 2001), *cert. denied*, ___ U.S. ___, 70 U.S.L.W. 3724 (U.S. May 28, 2002) (No. 01-6398). An offense with a twenty year maximum is classified as a Class C felony, 18 U.S.C. § 3559(a)(3) (2000), and thus, upon revocation of supervised release, the maximum sentence of two years would be applicable.

Because Graham failed to raise an *Apprendi* claim in district court, our review is for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). In order to demonstrate plain

error, Graham must show that an error occurred, that the error was plain, and that the error affected his substantial rights. *Olano*, 507 U.S. at 732. Even if Graham can satisfy these requirements, we should not exercise our discretion to correct the error "unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Young*, 470 U.S. 1 (1985)).

Graham's indictment did not allege that the conspiracy involved the distribution of any particular amount of drugs. However, the count did list eighteen overt acts, some of which included specific drug amounts totalling over twenty grams of crack cocaine. Graham's name appeared in relation to a drug amount only once: overt act 18 stated that Graham distributed .4 grams of crack cocaine on a specific date. We find that the indictment did not adequately allege a threshold drug quantity necessary to charge an enhanced penalty. *See United States v. Carrington*, 301 F.3d 204, 209-10 (4th Cir. 2002). Therefore, Graham was only subject to a twenty year maximum for the underlying conviction and a two year maximum sentence for revocation of supervised release. 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. §§ 3559(a)(3), 3583(e)(3).

Thus, we find that Graham's three year sentence was error and that the error was plain. We need not decide, however, whether the error affected Graham's substantial rights. Where the evidence is overwhelming and essentially uncontroverted as to the error, we will decline to correct it. *See United States v. Cotton*, 122 S. Ct. 1781, 1786 (2002). We have reviewed the record and conclude that the evidence of drug quantity, as derived from Graham's guilty plea to the indictment and the language of the plea agreement, was overwhelming and essentially uncontroverted. Accordingly, because the drug quantity attributable to Graham was sufficient to invoke the enhanced sentencing provisions of 21 U.S.C. § 841(b)(1)(B), we decline to correct his sentence.

We affirm Graham's conviction and sentence. We deny the Government's motion to strike Graham's reply brief. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*